`IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**PUMA ENERGY CARIBE, LLC.,**

**Plaintiff**

v.                                                        CIVIL NO. 14-1790 (JAG)

**JOEL RILLANO CACERES, ET AL.,**

**Defendants.**

## OPINION AND ORDER

Plaintiff Puma Energy Caribe, LLC ("PUMA") brought suit against Joel Riollano-Caceres, Kathy Santiago, and Francisco Riollano-Chico (collectively "Defendants") for alleged trademark infringement under Section 32(1) and 43(a) of the Lanham Act, 15 U.S.C. § 1114 et seq., trademark dilution in violation of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1225(a) and (c), and breach of contract, tortious interference with contract, indemnity and damages. (Docket No. 1.)

Presently before the Court is Defendants' Motion for Partial Summary Judgment pursuant to FED. R. CIV. P. 56(b). (Docket No. 36.) Plaintiff replied, and Defendants sur-replied. (Docket Nos. 40; 42-1.) Defendants first argue that Puma's claims for preliminary and permanent injunctive relief, declaratory judgment and specific performance are moot. Id. Defendants next argue that because there is no franchise agreement or contract under the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. § 2801, et seq., between PUMA and Defendants Kathy Santiago and Francisco Riollano, PUMA's breach of contract claim as to both Defendants fails. Id.

After analyzing the parties' positions and the applicable law, the Court hereby **GRANTS**

**Civil No. 14-1790 (JAG)**

**in part and DENIES in part** Defendants' Motion for Partial Summary Judgment at Docket No. 36.

## I. Relevant Factual and Procedural Background[1]

Plaintiff and Defendant Riollano-Caceres entered into a Supply Agreement on December 21, 2010. (Docket Nos. 36-1 ¶ 1; 40-1 ¶ 1.)  Pursuant to the Supply Agreement, which lasted five (5) years until November 30, 2015, Defendant Riollano-Caceres was granted the right to buy and resell PUMA (formerly Texaco) branded petroleum products to operate his station.  (Docket Nos. 36-1 ¶¶ 1, 5; 40-1 ¶¶ 1, 5.)

On that same day, Plaintiff and Defendant Riollano-Caceres also entered into an Incentive Program Agreement ("IPA"), which is subject to the Supply Agreement, all under the PUMA trademark.  (Docket Nos. 36-1 ¶ 3; 40-1 ¶ 3.)  The IPA runs concurrently with the Supply Agreement, also for a period of five (5) years, until November 30, 2015.  (Docket Nos. 36-1 ¶ 6; 40-1 ¶ 6.)  Defendants Santiago and Riollano-Chico are not part of the Supply Agreement or the IPA. (Docket Nos. 36-1 ¶¶ 2, 4; 40-1 ¶¶ 2, 4.)  The Supply Agreement and the IPA constitute the Franchise Agreement between PUMA and Defendant Riollano-Caceres.  (Docket Nos. 36-1 ¶ 7; 40-1 ¶ 7.)

According to the Supply Agreement, once it expires, Defendant Riollano-Caceres must return all signs to PUMA, and immediately discontinue the use of logos, erasing it from any of Defendant Riollano-Caceres' real or movable property.  (Docket Nos. 36-1 ¶ 8; 40-1 ¶ 8.)  Defendant Riollano-Caceres removed all PUMA logos and marks, and returned all signs to

---

[1] As a threshold matter, the Court would like to note Plaintiff's failure to properly controvert the following statements of facts by Defendants at Docket No. 40-1: ¶¶ 5-6, 8.  Local Rule 56(e) is clear: when a party files a statement of facts in support of summary judgment, those facts will be deemed admitted unless properly controverted. "The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment." L. Cv. R. 56(e).  Parties who ignore any provision of Local Rule 56, "do so at their own peril."  Ruis Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000).  Plaintiffs failed to provide record citations for ¶¶ 5, 6 and 8.  The Court deems said statements admitted.

**Civil No. 14-1790 (JAG)**

PUMA. (Docket Nos. 36-1 ¶ 9; 40-1 ¶ 9.) Defendant Riollano-Caceres provided evidence that the building has been painted white. (Docket No. 36-1 ¶ 9.) Plaintiff counters that the station is only partially white. (Docket No. 40-1 ¶ 9.)

In its Complaint, Plaintiff requests a temporary restraining order, a preliminary injunction, and a permanent injunction to stop Defendants from removing PUMA marks from the station. (Docket No. 1.) Additionally, Plaintiff requests a temporary restraining order, a preliminary injunction, and a permanent injunction, compelling Defendants to restore all PUMA marks at the station. Id. Plaintiff also seeks specific performance of the Franchise Agreement, or in the alternative, damages. Id.

## II. Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see FED. R. CIV. P. 56(a). "An issue is genuine if 'it may reasonably be resolved in favor of either party' at trial, . . . and material if it 'possess[es] the capacity to sway the outcome of the litigation under the applicable law.'" Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006) (alteration in original) (internal citations omitted). The moving party bears the initial burden of demonstrating the lack of evidence to support the non-moving party's case. Celotex, 477 U.S. at 325. "The movant must aver an absence of evidence to support the nonmoving party's case. The burden then shifts to the nonmovant to establish the existence of at least one fact issue which is both genuine and material." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994). The nonmovant may establish a fact is genuinely in dispute by citing particular evidence in the record or showing that

**Civil No. 14-1790 (JAG)**

either the materials cited by the movant "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1)(B). If the Court finds that some genuine factual issue remains, the resolution of which could affect the outcome of the case, then the Court must deny summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party and give that party the benefit of any and all reasonable inferences. Id. at 255. Moreover, at the summary judgment stage, the Court may not make credibility determinations or weigh the evidence. Id. Summary judgment may be appropriate, however, if the non-moving party's case rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation." Forestier Fradera v. Mun. of Mayagüez, 440 F.3d 17, 21 (1st Cir. 2006) (quoting Benoit v. Technical Mfg. Corp., 331 F.3d 166, 173 (1st Cir. 2003)).

**III.   Legal Analysis**

   A. Injunctive Relief

Defendants move for summary judgment arguing that because the Franchise Agreement expired by its own terms on November, 30, 2015, any injunctive relief, declaratory judgment or specific performance claim is moot. (Docket No. 36 at 4-7.) Plaintiff counters that PUMA should be allowed to extend the term of the contract that it was deprived of since September 14, 2014, because of the alleged breach of contract and tortious interference with the Franchise Agreement committed by Defendants Riollano-Caseres and Riollano-Chico.[2] (Docket No. 40 at 6.) Plaintiff

---

[2] Plaintiffs do not argue for any of the exceptions to the mootness doctrine.

attacks Defendants' reliance on a November 30, 2015 expiration date, given that Defendants also argued that the Franchise Agreement terminated on September 17, 2014. Id. at 7.

"A case is moot when the issues are no longer live or the parties no longer have a legally cognizable interest in the outcome." Horizon Bank & Trust Co. v. Massachusetts, 391 F.3d 48, 53 (1st Cir. 2004) (citing City of Erie v. Pap's A.M., 529 U.S. 277, 287 (2000)). "[A] case not moot at the outset can become moot because of a change in the fact situation underlying the dispute, making relief now pointless." Horizon Bank & Trust Co., 391 F.3d at 53 (citing U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship, 513 U.S. 18, 23 (1994); Lake Coal Co. v. Roberts & Schaefer Co., 474 U.S. 120, 120 (1985)). "Once a contract has expired, there is no ongoing conduct left for the court to enjoin." Am. Civ. Liberties Union of Massachusetts v. U.S. Conf. of Catholic Bishops, 705 F.3d 44, 53 (1st Cir. 2013) (citing Columbian Rope co. v. West, 142 F.3d 1313, 1316 (D.C.C. 1998); Campesinos Unidos, Inc. v. U.S. Dept. of Labor, 803 F.2d 1063, 1068 (9th Cir. 1986)).

Plaintiffs' own complaint asserts that PUMA is seeking specific performance "until the contract expires." (Docket No. 1.) PUMA also alleged that if the Court found it was not entitled to specific performance, then PUMA would be entitled to damages. Id. Additionally, Plaintiff requested a preliminary and permanent injunction instructing Defendants to return the PUMA signage and marks. Id. Because it is undisputed that the Franchise Agreement between the parties expired in November 30, 2015, PUMA's claims for injunctive relief and specific performance are no longer viable.[3] There is no genuine issue of as to any material fact, and Defendants' motion for partial summary judgment as to these claims is **GRANTED**.[4]

---

[3] Defendants move for summary judgment on "Puma's claims 4 through 8, for a temporary restraining order, declaratory relief, preliminary and permanent injunction, and specific performance of the franchise agreement, [which] all are based on the existence of a franchise agreement between Puma and defendant Joel Riollano Caceres." (Docket

B.  <u>Proper Defendants – Breach of Contract Claim</u>

Defendants also move for summary judgment arguing that because Defendants Santiago and Riollano-Chico are not part of the Franchise Agreement, any claim involving a breach of contract against these two Defendants necessarily fails. (Docket No. 36 at 7-9.) Plaintiff admits that both of these Defendants are not part of the Franchise Agreement because it was only signed by Riollano-Caceres. (Docket No. 40 at 2.) Plaintiff also concedes that the alleged breach of contract claim is directed only at Defendant Riollano-Caseres, and that there was never any claim under the cause of action for breach of contract or the PMPA against Defendants Riollano-Chico and Santiago because neither are retailers under the Franchise Agreement. <u>Id.</u> Defendants' motion for partial summary judgment as to this narrow issue is **GRANTED** as it applies to Defendant Riollano-Chico and Kathy Santiago.

C.  <u>PUMA's breach of contract claim under the PMPA or Puerto Rico law</u>

Defendants also move for summary judgment as to Plaintiff's alleged breach of contract claim. (Docket No. 36 at 8.) Unfortunately, this argument is not particularly well-briefed by either party. To begin, Defendants' motion is unclear as to the scope of their argument. Defendants' heading is titled "PUMA's claim under supplemental jurisdiction," which would seem to indicate

---

No. 36 at 5.) While Defendants do mention that they are also seeking partial summary judgment on any injunctive relief claim under the Lanham Act and the Trademark Dilution Revision Act (i.e. Plaintiff's First, Second and Third Claims for Relief at Docket No. 1), they have failed to convince the Court that these claims also "stem from a franchise agreement." (Docket No. 36 at 6.) Because Defendants' partial motion for summary judgment relies exclusively on the termination of the franchise agreement, the Court wants to make clear that its ruling in this Opinion and Order only applies to injunctive relief under Plaintiff's Fourth and Fifth Claims for Relief. (Docket No 1. at 15-17).

[4] Defendants mention in passing that they are also seeking partial summary judgment as to Plaintiff's claims for declaratory judgment. However, Defendants fail in any way to elaborate as to why the Court should rule in their favor and declare this matter also moot. "It is not [the Court's] job, especially in a counseled civil case, to create arguments for someone who has not made them or to assemble them from assorted hints and references scattered throughout the brief." <u>Yeomalakis v. Fed. Deposit Ins. Corp.</u>, 562 F.3d 56, 61 (1st Cir. 2009). Thus, Defendants' argument is considered waived. <u>U.S. v. Zannino</u>, 895 F.2d 1, 17 (1st Cir. 1990) ("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."). Thus, the Court **DENIES** Defendants' motion for partial summary judgment as to the declaratory judgment claim.

**Civil No. 14-1790 (JAG)**

that Defendants were attacking Plaintiff's ability to bring state law claims for breach of contract. Id. However, Defendants proceed to argue how Plaintiff cannot have a breach of contract claim under the federal PMPA. Id. In turn, Plaintiff fails to specifically refute Defendants' argument that the PMPA "does not recognize a remedy or cause of action in favor of the franchisor." Id. Plaintiff only generally alleges that it is entitled to contractual damages, (Docket No. 40.) but fails to specify whether it is entitled to them under the PMPA, state law, or both.

The Court agrees with Defendants that the PMPA does not provide Plaintiff with any cause of action in this case. The PMPA was enacted to protect franchisees. 15 U.S.C. § 2801 et seq. Thus, the statute explicitly provides franchisees with specific remedies and a federal cause of action. 15 U.S.C. § 2805. However, courts have repeatedly recognized that the PMPA does not similarly provide franchisors with a cause of action. See, e.g., Interstate Petroleum Corp. v. Morgan, 249 F.3d 215, 219-222 (4th Cir. 2001) (holding that the PMPA does not provide franshisors with a cause of action); CIA. Petrolera Caribe, Inc. v. De Jesus, 671 F. Supp. 884, 885-886 (D.P.R. 1987) ("We likewise conclude that there is no express grant of remedy to the [franchisor] in the PMPA"). Here, Plaintiff, as the franchisor, cannot rest its breach of contract claim on the PMPA. Accordingly, Defendants' motion for partial summary judgment is **GRANTED** as to any breach of contract claim asserted by Plaintiff under the PMPA.

On the other hand, Defendants provide no reasons, nor does the Court see any, as to why Plaintiff cannot pursue a breach of contract claim under state law. The Court has supplemental jurisdiction over related state law claims because Plaintiff has alleged valid trademark infringement and trademark dilution claims. Accordingly, Defendants' motion for partial summary judgment is **DENIED** as to any breach of contract claim asserted by Plaintiff under state law.

**Civil No. 14-1790 (JAG)**

IV.   **Conclusion**

The Court **GRANTS in part and DENIES in part** Defendants' motion for partial summary judgment at Docket No. 36.

**SO ORDERED.**

In San Juan, Puerto Rico this 25th day of August, 2016.

*s/ Jay A. García-Gregory*
JAY A. GARCIA GREGORY
United States District Judge

8